IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JOSE ESCALERA, Individually and on Behalf of All Others Similarly Situated, Plaintiff, | § § § § | |
| v. | § | CASE NO. 7:22-cv-00176-DC-RCG |
| MURPHY WELL CONTROL, LLC, and BRANDON MURPHY, Defendants. | § § § § § | |

**BRANDON MURPHY'S MOTION TO COMPEL ARBITRATION & STAY PROCEEDINGS & JOINDER IN MWC'S MOTION**

TO THE HONORABLE COURT:

Defendant Brandon Murphy hereby joins in Murphy Well Control LLC's Motion to Compel Arbitration and Stay Proceedings, (Dkt. 44) ("Incorporated Motion") which is fully incorporated herein by refence, including all exhibits, and hereby moves to compel the claims of opt-in Plaintiffs Aschton Shropshire, William Pruitt, and Ivan Salcido ("Contractors") asserted against him in his individual capacity.[1]

**ARGUMENT & AUTHORITIES**

As set forth in the Incorporated Motion, the claims of the Contractors are subject to arbitration under the Independent Contractors Agreements ("Agreements") with Defendant Murphy Well Control LLC ("MWC"), attached as Exhibits 1-A, 1-B, and 1-C (Dkt. 44-1) to the Incorporated Motion. Mr. Murphy, MWC's president and sole owner, *see* Ex. 1, ¶ 1 (Dkt. 44-1), though not a signatory to the Agreements, may assert the arbitration provision in his individual

---

[1] Discovery is ongoing in this matter. Defendant Murphy reserves his right to compel arbitration with respect to other plaintiffs should additional arbitration agreements be produced, or additional plaintiffs joined whose claims are subject to arbitration.

capacity under the principles of equitable estoppel and artful-pleading estoppel. *See Naranjo v. Nick's Mgmt., Inc.*, NO. 3:21-CV-2883-B, 2023 WL 416313, at *10 (N.D. Tex. Jan. 25, 2023); *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 188–89 (Tex. 2007).

Under artful pleading estoppel, a party to an arbitration agreement may not avoid its obligation to arbitrate claims by simply naming in its lawsuit an employee or agent of the corporate entity with whom it has the agreement. *In re Merrill Lynch*, 235 S.W.3d at 188–89; *see also Jody James Farms, JV v. Altman Group., Inc.*, 547 S.W.3d 624, 635 (Tex. 2018) ("A contracting party generally cannot avoid unfavorable clauses by suing the other party's agent.") (quoting *In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 209 (Tex. 2007)) (cleaned up).[2] More specifically, a party to an arbitration agreement cannot avoid its obligation to arbitrate its FLSA claims against a company by suing the owner of the company it had the agreement with. *Dismuke v. McClinton Energy Group, L.L.C.*, No. MO:16-CV-00023-RAJ, 2016 WL 7497592, at *3 (W.D. Tex. May 10, 2016) (citing *In re Merrill Lynch*, 235 S.W.3d at 190); *Coronado v. D.N. W. Hous., Inc.*, No. H-13-2179, 2015 WL 5781375, at **6–7 (S.D. Tex. Sept. 30, 2015). Contractors here may not seek to avoid their obligation to arbitrate disputes with MWC by naming Murphy, MWC's President and sole owner, as a defendant in this suit, and artful pleading estoppel entitles Murphy to invoke the arbitration provision in his own right. *See Dismuke*, 2016 WL 7497592, at *3; *Coronado*, 2015 WL 5781375, at **6–7.

Equitable estoppel may be applied in favor of a nonsignatory "when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and

---

[2] As President and sole owner of Murphy Well Control, LLC, Murphy satisfies the burden to establish an agency relationship between the Defendants. *See* Ex. 1, Decl. of Murphy Well Control LLC at p. 2 ¶ 1 (Dkt. 44-1).

concerted misconduct by both the nonsignatory and one or more signatories." *Naranjo*, 2023 WL 416313, at *10 (quoting *Tex. Enters., Inc. v. Arnold Oil Co.*, 59 S.W.3d 244, 249 (Tex. App.—San Antonio 2001, no pet.)). By naming Murphy as a defendant, Contractors have accused Murphy of "substantially interdependent and concerted misconduct" with MWC—indeed the Amended Complaint (Dkt 33) treats all Defendants alike and does not assert any cause of action against Murphy individually apart from those asserted against MWC. Dkt. 33 at pp. 9–12; *see Naranjo*, 2023 WL 416313, at **10–11.

In a similar vein, under the *Waste Management* line of cases, Murphy is a proper movant because the claims against him and against MWC involve the "same operative facts," are "inherently inseparable," and the litigation would "have a critical impact on the arbitration." *See Streety v. Parsley Energy Ops., LLC*, No. MO:20-CV- 00049-DC, 2022 WL 2783852, at *9 (W.D. Tex. June 17, 2022) (quoting *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004)). In paragraph 66 of the Amended Complaint, Plaintiffs assert that all claims "arise from a common nucleus of facts" and a "systematic course of wrongful conduct by Defendants[.]" Dkt. 33 ¶ 66. Murphy and MWC are not treated as distinct Defendants under Contractors' own pleadings; estoppel is therefore properly invoked on Murphy's behalf because of these allegations of intertwined and concerted acts, and because of Murphy's status as agent for and owner of MWC.

## PRAYER

Murphy respectfully asks that the Court order Contractors Shropshire, Pruitt, and Salcido to arbitrate this dispute, and stay all proceedings in the case pending the conclusion of the arbitration proceedings and that he should have such other and further relief to which he might show himself entitled.

Date:  July 12, 2023                    Respectfully submitted,

**DUNHAM LLP**
919 Congress Ave., Suite 910
Austin, TX 78701
512.615.1255 (tel)
512.615.1256 (fax)

By:  */s/ I. Antongiorgi*
David E. Dunham
State Bar No. 06227700
david@dunhamllp.com
Isabelle M. Antongiorgi
State Bar No. 24059386
isabelle@dunhamllp.com
Matthew T. Kennedy
State Bar No. 24092619
mkennedy@dunamllp.com
Cory Scanlon
State Bar No. 24104599
cory@dunhamllp.com

**ATTORNEYS FOR DEFENDANT MURPHY WELL CONTROL, LLC**

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that I have conferred with counsel for Plaintiffs regarding the relief requested herein. They have indicated that Plaintiffs oppose both the request to compel arbitration of Plaintiffs Aschton Shropshire, William Pruitt, and Ivan Salcido's claims and the request for a stay of these proceedings pending resolution of the arbitrations.

/s/ *I. Antongiorgi*
Isabelle M. Antongiorgi

## CERTIFICATE OF SERVICE

This is to certify that on July 12, 2023, a copy of the foregoing document was served on the following as indicated:

**Via the Court's Electronic Filing Service to:**
John Neuman
Email: jneuman@smnlawfirm.com
Beatriz-Sosa Morris
Email: BSosaMorris@smnlawfirm.com
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

**ATTORNEY FOR PLAINTIFFS**

/s/ *I. Antongiorgi*
Isabelle M. Antongiorgi